## CASES ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF SOUTH CAROLINA.

Justices of the Supreme Court during the Period comprised in this Volume.

Hon. WILLIAM D. SIMPSON, Chief Justice.
Hon. HENRY McIVER, Associate Justice.
Hon. SAMUEL McGOWAN, "        "

---

## CALDWELL vs. BENNETT.

1. If there is any evidence tending to support the plaintiff's case, it is the province of the jury to determine its force and effect.
2. In an action for malicious prosecution, there being evidence that the prosecution was ended, and circumstances proved which tended to show a want of probable cause (from which malice may be inferred), the Circuit judge properly refused a non-suit.
3. In actions for malicious prosecution, the jury should be instructed, as matter of law, as to what constitutes probable cause, and then it is for them to say, from a review of all the facts and circumstances proved to have been present to the mind of the prosecutor, at the time he commenced his prosecution, or the plaintiff, when he instituted his civil action, whether there was or was not probable cause for such proceeding.
4. In such cases malice may be inferred from the want of probable cause.

Before WALLACE, J., Colleton, October, 1883.

This was an action by Thomas H. Caldwell against Abraham Bennett, for malicious prosecution, commenced in November, 1881. The opinion fully states the case.

*Messrs. Fisburne & Rice*, for appellant.

*Messrs. Howell & Murphy*, contra.

November 14, 1884. The opinion of the court was delivered by

MR. JUSTICE McIVER. The action in this case was for malicious prosecution, in which the plaintiff was charged, upon the oath of defendant, with stealing cotton from the field. The plaintiff was arrested on the warrant and carried before a trial justice, who, on a preliminary examination, dismissed the prosecution for insufficiency of evidence. The only testimony as to the facts and circumstances, which were supposed to give rise to the prosecution, came from the plaintiff himself, who testified that he was charged by the defendant with stealing cotton from the field on the place where one Becky Pool lived ; that he had bought the place and agreed to let Becky live there and plant some cotton; that she thinned and hoed the cotton and plaintiff worked it ; that when she left in September or October she was owing him some six dollars ; that defendant came to plaintiff and said he wanted to see him about Mrs. Pool's cotton, adding: "I understand you have picked the cotton." Plaintiff replied : "You have understood rightly." Defendant said : "You have got yourself into the law." Plaintiff asked : "What have you got to do with it ?" Defendant replied : "I have a great deal to do with it," that he had bought it and paid his money for it. A few days afterwards plaintiff was arrested for stealing the cotton. On his cross-examination plaintiff explained more particularly his arrangement with Becky Pool, and said that he did not know that she had sold any of this cotton before she went away.

On the close of the testimony for the plaintiff the defendant moved for a non-suit, "on the ground of insufficient proof of

malice and probable cause." The motion was overruled and the case went to the jury under the following instructions from the Circuit judge : "That probable cause was a question of law, and when I had explained to them what probable cause was, as a matter of law, then they were to decide from the testimony whether or not such probable cause existed. That probable cause was the existence of such facts as would induce a reasonable man to believe that a crime had been committed by the defendant. In considering this question as to whether such probable cause existed, the defendant here has a right to demand that the jury should consider the facts as he saw them at the time of the institution of the prosecution. The jury were further told that express malice was ill-will, a desire to injure the defendant, and whether such malice existed in the breast of the prosecutor, was a question of fact for them upon the evidence. The jury were further told that if they found that the prosecutor had probable cause, then the plaintiff was not entitled to recover, even if the prosecution was malicious."

The jury having found a verdict for the plaintiff, the defendant appeals upon the following grounds : "1. For that the presiding judge charged the jury : 'Probable cause is a question of fact for your consideration, after I have explained to you what probable cause is. That which would excite in the mind of a reasonable man a belief that a crime had been committed would be probable cause, and that it is for you to decide whether probable cause existed upon the preponderance of evidence' ; all of which, they respectfully submit, was error. 2. Because his honor neglected to charge the jury that they were only judges of the truth of the facts stated, and that he was the judge whether they showed a want of probable cause, which, it is respectfully submitted, was error. 3. Because his honor, in charging the jury, neglected to define what express malice was,. and charged them that if they found that there was want of probable cause and express malice in bringing the prosecution, that they must bring in a verdict for plaintiff, which, it is respectfully submitted, was error."

The defendant also gave notice that he would renew his motion for non-suit on the ground that plaintiff had wholly failed to

prove his case. Upon .this, the Circuit judge, in his report, says that the motion for non-suit was refused "because the plaintiff having put in evidence of facts and circumstances relating to the matter, I regarded it proper to leave it to the jury to say whether want of probable cause had been proven, and whether express malice was indicated."

We will first consider whether there was any error in refusing the motion for a non-suit. The question in such a motion is, not whether the evidence is sufficient to support the plaintiff's case, but whether there is any evidence tending that way. If there is, then it is the province of the jury to determine its force and effect. It is quite manifest, therefore, that the ground upon which the motion was based in the court below, "insufficient proof of malice and probable cause" (meaning, doubtless, want of probable cause), could not be sustained. But, aside from this, we do not think it can be said that there was no testimony tending to establish plaintiff's case. For it is quite clear that there was testimony that the prosecution was ended ; that there were circumstances tending to show a want of probable cause; and the rule is well settled that malice may be inferred from a want of probable cause. *Bell* ads. *Graham*, 1 *N. & McC.*, 278; *Campbell* v. *O'Bryan*, 9 *Rich.*, 206. So that all the three elements necessary to sustain the action were shown, at least *prima facie*, and hence there was no error in refusing the motion for non-suit.

The next inquiry is that presented by the first and second grounds of appeal, for, as we understand these grounds, they practically raise the same question. We lay no stress upon the fact that the phraseology imputed to the Circuit judge in the first ground differs from that actually used by him, as appears by that portion of his charge as reported by him, which we have copied above; for we think they may be construed as amounting substantially to the same thing. Construing these two grounds in the light of the argument submitted by the appellant, we understand that his complaint is that the Circuit judge should have confined the jury to a single inquiry whether the testimony adduced by the plaintiff was true, and should himself have determined whether the facts which they found to be established were

sufficient in law to constitute probable cause, or the want of it. In other words, that he should have instructed the jury that if they believed the testimony adduced by the plaintiff, then such testimony did or did not constitute sufficient proof of a want of probable cause as matter of law, and that it was error on his part, after instructing them as matter of law what was probable cause, to leave it to the jury to say from the testimony whether such probable cause existed. Strictly speaking, the proper way to have raised the question would have been by a request to charge, which the appellant omitted to make; but waiving this, we will proceed to consider the question.

It must be admitted that the exact boundary line between the province of the judge and that of the jury, in determining the existence or want of probable cause in actions for malicious prosecution, does not seem to be well defined by the authorities in this state. There is no doubt that, upon well-settled principles, it is the exclusive province of the jury to pass upon the truth of the facts and circumstances relied upon as establishing the presence or absence of probable cause; and it seems to be well settled that a fact occurring after the matter or transaction which gives rise to a prosecution, or a civil action, such as the finding of "no bill" by the grand jury, the entry of a *nolle prosequi* by a prosecuting officer, the failure to prosecute, or the discontinuance of a civil action, will, as matter of law, be held insufficient to constitute even *prima facie* evidence of a want of probable cause. *Lipford* v. *McCollum*, 1 *Hill*, 82; *Fulmer* v. *Harmon*, 3 *Strob.*, 576; *Ford* v. *Kelsey & Deas*, 4 *Rich.*, 365; *Frederick* v. *Halberstadt*, 14 *Rich.*, 41. But when testimony is adduced as to alleged facts and circumstances attending the supposed commission of the offence charged, or relied upon as evidence to show that there was, or was not, any ground for the charge, there does not seem to be any clear and well-defined rule.

It is true that there are several cases in this state which contain expressions going to support the position contended for by the appellant, but we do not think that the point is distinctly decided in any one of them. See *Thomas* v. *Rouse*, 2 *Brev.*, 75; *Nash* v. *Orr*, 3 *Brev.*, 94; *Paris* v. *Waddell*, 1 *McMull.*, 358; *Horn* v. *Boon*, 3 *Strob.*, 307. On the other hand, we find

other cases in which the course pursued by the Circuit judge in this case received the sanction of the tribunal of last resort. *Paris* v. *Waddell,* 1 *McMull.,* 358; *Sims* v. *McLendon,* 3 *Strob.,* 557; *Frederick* v. *Halberstadt,* 14 *Rich.,* 41.

The case of *Hogg* v. *Pinckney,* 16 *S. C.,* 387, is relied upon by appellant; but we think that case, when properly understood, tends rather to support a contrary view. In that case the action was for a malicious arrest in a civil suit, charging fraud in the contracting of the debt for which the action was brought. The fraud alleged was that the goods were sold by the defendants to the plaintiff upon his promise to give a lien on his crop, which the plaintiff had failed and refused to give. The Circuit judge instructed the jury that the plaintiff must show a want of probable cause for the charge of fraud: "That the material points for them to consider was [*sic*] whether the plaintiff, at the time he agreed to give the lien to defendants, had no intention of giving the same, and that if they found he had no such intention, it would go far to show probable cause for the arrest; but, on the other hand, if they found that at the time he did intend to give it, it would go far to show a want of probable cause." Then, after instructing them as to damages, he said, in speaking of the evidence adduced to assail or substantiate the statements contained in the complaint and affidavit upon which the order of arrest was obtained: "If the evidence disproves these statements, then of course the probable cause is overthrown. If, on the contrary, the evidence supports these statements, or pointedly increases their strength, the probable cause is sustained. That if the jury, as reasonable men, under the circumstances proved, would have acted as the defendants did, then the jury might conclude the defendants had probable cause for their action; but, in view of the testimony, if the jury would not have acted as the defendants, then the jury might conclude the defendants did not have probable cause." The plaintiff having obtained judgment, the defendants appealed upon the ground, *inter alia,* that the Circuit judge had left the question of probable cause to the jury as a question of fact. This court, however, did not so understand the charge, but, on the contrary, construed it as amounting in effect to an instruction to the jury that if they believed the facts stated

in the complaint and affidavit, then there was probable cause; but if, on the other hand, they did not believe the statements therein contained, then there was a want of probable cause.

This part of the opinion, standing alone, might possibly give rise to the inference, that it would have been error on the part of the Circuit judge, after explaining what would, in law, constitute probable cause, to leave it to the jury to say whether, upon a consideration of all the facts and circumstances present to the mind of the defendants at the time they acted, the want of probable cause was, or was not, shown. But when considered in connection with what was said as to the fifth exception, it is manifest that such an inference would be altogether unwarranted. In reference to that exception the following language was used: "The judge seems to have charged the jury that, if they, as reasonable men, under the circumstances proved, would have acted as the defendants did, then they might conclude the defendants had probable cause for their action; but in view of the testimony, if the jury would not have acted as the defendants, then the jury might conclude the defendants did not have probable cause. If the judge had confined the jury to the facts and circumstances which surrounded the defendants at the time they acted, then his charge would not have been objectionable. But he went further than this, and permitted them to consider all the facts developed on the trial, whether they were present before the defendants at the time of the arrest or not. This we think was error." From this language it is quite clear that, if the jury had been instructed, as they were in this case now under consideration, that in considering whether the testimony showed the presence or absence of probable cause, as defined to them, they must confine their attention to such facts and circumstances as were present to the minds of the defendants at the time they obtained the order for arrest, the court would have held that the charge was unobjectionable.

Under this state of the authorities here, we think that the question which we have been considering is still an open one in this state. If the rule contended for by the appellant should be adopted, it seems to us that it would lead to great complexity and confusion, and that it would, in many cases, be very difficult to apply it practically. Many prosecutions rest mainly, if not

entirely, upon circumstantial evidence, and in such cases it would be very difficult, if not impossible, so to present alternative views of the testimony to the mind of the average juror as to enable him to reach an intelligent conclusion, as to whether there was or was not a want of probable cause for the prosecution. The failure to establish to the satisfaction of the jury a single circumstance in the chain, although apparently quite insignificant in itself, or the proof of some other, apparently unimportant, fact, might very materially affect the conclusion which should be reached. So that if this is the rule, then the only safe course would be to require a special verdict in every case, and let the judge say whether the facts as found by the jury did or did not constitute probable cause.

Indeed, the difficulty in applying such a rule seems to have been fully recognized, for in some of the strongest cases cited by the appellant it is conceded that the rule does not apply where the testimony is complicated or contradictory, and that it applies only where the testimony is undisputed. This concession demonstrates the impolicy of the rule, as it would be necessary to determine in each case what degree of complexity or contradiction would take the case out of the rule, or when the facts were so undisputed as to require its application.

But there is another and more formidable objection to this rule, in that it invests the judge with power to determine a question of fact. For assuming the definition of probable cause, as given by the Circuit judge in this case, to be the correct one, inasmuch as no exception is taken to it, after the jury have found what were the facts and circumstances present to the mind of the prosecutor at the time he instituted the prosecution, another question of fact would still remain, *i. e.*, whether such facts and circumstances would be sufficient to induce a reasonable man to believe that the offence charged had been committed, and this question of fact should be decided by the jury and not by the judge; for the question is not whether such facts and circumstances would induce a well educated lawyer, such as every judge is supposed to be, to believe that an offence had been committed (as is well illustrated by the remark of Judge O'Neall in the case of *Lipford* v. *McCollum, supra*), but whether such facts and cir-

cumstances would be sufficient to induce an ordinarily reasonable and impartial man, a class which the jury is supposed to represent, to believe that the offence had been committed.

Unless, therefore, we are compelled by authority, as we do not think we are, to adopt the rule contended for by the appellant, we are not inclined, for the reasons indicated, to do so. On the contrary, we think the true rule is, that after the jury have been instructed as to what constitutes probable cause, as matter of law, it is for them to say, from a review of all the facts and circumstances proved to have been present to the mind of the prosecutor at the time he commenced the prosecution, or to the plaintiff at the time he commenced his civil action, whether there was or was not probable cause for such proceeding. This rule is, as we have seen, not without the support of authority, is easy of application, and is in analogy with the rule in cases of negligence, which like probable cause presents a mixed question of law and fact.

The third ground of appeal seems to have been taken under a misapprehension of the judge's charge; for, from his report, it appears that he did distinctly instruct the jury what express malice was, and if there was any error at all, it was in favor of the defendant; for, as we have seen, malice may be inferred from the want of probable cause. Indeed, in the absence of any showing to the contrary, such would seem to be the legitimate inference; for it is difficult to conceive any motive but a malicious one for instituting a prosecution without any probable cause.

The judgment of this court is that the judgment of the Circuit Court be affirmed.